Entered on Docket
July 30, 2010

HON. JOHN L PETERSON
U.S. BANKRUPTCY JUDGE

STEPHEN R. HARRIS, ESQ.
BELDING, HARRIS & PETRONI, LTD.
Nevada Bar No. 001463
417 West Plumb Lane
Reno, Nevada 89509
Telephone: (775) 786-7600
Facsimile: (775) 786-7764
Email: steve@renolaw.biz
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * *

IN RE:

LESARRA ATTACHED HOMES,
L.P., a Nevada limited partnership,

   Debtor.

_____/

BK-10-50808
(Chapter 11)

**ORDER RE MOTION**
**FOR RELIEF FROM STAY**

New Hrg. DATE: June 22, 2010
New Hrg. TIME: 10:00 a.m.
Old Hrg DATE: June 15, 2010
Old Hrg TIME: 10:00 a.m.

  Based upon COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362] ("Motion"), filed May 18, 2010, by COMPASS BANK ("Movant"), by and through its attorneys, BRUCE BEESLEY, ESQ., of LEWIS AND ROCA LLP, duly noticed for hearing on June 15, 2010, at 10:00 a.m., and continued for hearing by the Court to June 22, 2010, at 10:00 a.m.; with BRUCE BEESLEY, ESQ., and LAURY M. MACAULEY, ESQ., appearing on behalf of COMPASS BANK; and STEPHEN R. HARRIS, ESQ., of BELDING, HARRIS & PETRONI, LTD., appearing on behalf of the Debtor LESARRA ATTACHED

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

-1-

HOMES, LP, and the Debtor's representative, WILLIAM PENNINGTON, also present; and Movant having filed a DECLARATION OF RUSS RHOME IN SUPPORT OF COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362] on May 28, 2010; Debtor's counsel having filed an OPPOSITION TO COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362] on June 11, 2010; and Movant having filed a REPLY TO COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362], together with a DECLARATION OF RUSS RHOME IN SUPPORT OF REPLY TO COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362] filed June 18, 2010; and the Court considering all pleadings on file herein, the testimony of WILLIAM PENNINGTON, and the oral argument for and against the relief requested; and good cause appearing,

**IT IS HEREBY ORDERED** that COMPASS BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362], is taken under advisement, without prejudice to COMPASS BANK scheduling the same for hearing at a later date and time.

**IT IS FURTHER ORDERED,** *sua sponte* and without request by COMPASS BANK, that the Debtor, LESARRA ATTACHED HOMES, LP, shall make an adequate protection payment of $40,000.00, on or before July 15, 2010, otherwise the §362(a) stay shall be terminated with respect to COMPASS BANK's secured claim.

**IT IS FURTHER ORDERED** that the Debtor LESARRA ATTACHED HOMES, LP, shall file an amended Plan of Reorganization and an amended Disclosure Statement no later than June 30, 2010, and assuming that those pleadings are filed, the Court shall conduct an 11 U.S.C. §1125 disclosure statement approval hearing at the earliest available date in August/ September, 2010, given by the Court Calendar Clerk, and assuming the adequate protection payment is made of $40,000.00 on or before July 15, 2010, and the amended Plan of

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

-2-

Reorganization and the amended Disclosure Statement are filed no later than June 30, 2010, then the Court will reschedule COMPASS BANK's MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362] for the same date and time as the §1125(a) disclosure statement approval hearing is set, and in the event the $40,000.00 adequate protection payment is not paid on or before July 15, 2010, or if the Debtor does not file its amended Plan of Reorganization or amended Disclosure Statement on or before June 30, 2010, then the Court shall enter an order granting COMPASS BANK's MOTION FOR RELIEF FROM AUTOMATIC STAY [11 U.S.C.§362].

**IT IS FURTHER ORDERED**, and the Debtor so stipulates, that compliance with this Order, including, but not limited to, the requirement that the Debtor make an "adequate protection" payment pursuant to Bankruptcy Code §§361 and 362, shall not be deemed to constitute an "action" within the meaning of Code of Civil Procedure §726, to constitute an attempt to collect an indebtedness or to otherwise violate, in any way, §§726, 580a, 580b or 580d of the California Code of Civil Procedure.

| *Prepared and submitted by:* | Approved as to Form on this ___ day of July, 2010. |
|---|---|
| STEPHEN R. HARRIS, ESQ.<br>BELDING, HARRIS & PETRONI, LTD.<br>417 West Plumb Lane<br>Reno, NV 89509<br>(775) 786-7600<br><br>ATTORNEYS FOR DEBTOR | LAURY M. MCCAULEY, ESQ.<br>LEWIS AND ROCA, LLP<br>50 W. Liberty Street, Suite 410<br>Reno, Nevada 89501<br><br>ATTORNEYS FOR COMPASS BANK |

#####

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

-3-